D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**SALLY PETOSA, NICOLE LOCKETT-GUIDA, and ANNA MASTRANTONI on behalf of themselves and others similarly situated,**

        **Plaintiffs,**

  v.

**MAC BROTHERS II LLC, d/b/a PANINI GRILL, PETER MACRI, and SALVATORE MACRI,**

        **Defendants.**
-------------------------------------------------------x

CASE NO. 1:25-CV-2050

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant MAC BROTHERS II LLC a New York limited liability company that owns and operates Panini Grill ("Panini Grill") located in Staten Island, New York.

4. Defendant Panini Grill has an annual gross volume of sales in excess of $500,000.

5. Defendant Panini Grill has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Defendant Peter Macri is an owner of Panini Grill. He is often present at the restaurant. He regularly hires and fires employees at Panini Grill and he is present supervising the employees. He is responsible for maintaining payroll records and tip records to the extent the restaurant maintains them. In numerous interviews with the media, he holds himself out as "running" Panini Grill, together with his brother, Defendant Salvatore Macri. He is listed with the New York State Liquor Licensing Authority as a principal of Panini Grill.

7. Defendant Salvatore Macri is an owner of Panini Grill. He is often present at the restaurant dealing with management of day-to-day issues. He shares with his brother ultimate authority with respect to hiring and firing, scheduling, and employees' pay. In numerous interviews with the media, he holds himself out as "running" Panini Grill, together with his brother, Defendant Peter Macri. He is listed with New York State Liquor Licensing Authority as a principal of Panini Grill.

8. Plaintiff Sally Petosa was employed by Defendants as a server from January 2021 until March 2025.

9. Plaintiff Nicole Lockett-Guida was employed by Defendants as a server from December 2023 until November 2024.

10. Plaintiff Anna Manastroni was employed by Defendants as a server from about 2019 until mid-2022.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants at Panini Grill on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay and requiring them to share tips with tip ineligible employees including the owners and managers of the Panini Grill . The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiffs brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants at Panini Grill on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

17. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation, of requiring Class members to split tips with tip ineligible employees, and of failing

to provide adequate wage notices and statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

    c) Whether Defendants required Plaintiffs and the Class members to share tips with tip-ineligible individuals.

    d) Whether Defendants paid Plaintiffs and the Class members the state minimum wage for all hours worked.

  e) Whether Defendants properly compensated Plaintiffs and the Class members for overtime.

  f) Whether Defendants provided Plaintiffs and the Class members adequate wage notices and wage statements.

  g) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiffs and the Class members were required to perform.,

  h) The job duties and responsibilities for all individuals who received compensation via the tips collected by Defendants.

## **FACTS**

22. Plaintiffs' Consent to Sue forms are attached hereto in Exhibit A.

23. Plaintiffs worked as servers for Defendants within the limitations period.

24. Defendants committed the following alleged acts knowingly, intentionally and willfully.

25. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and misappropriation of tips would economically injure Plaintiffs, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

26. Plaintiffs worked as servers for Defendants.

27. Defendants paid Plaintiffs at the New York foodservice workers' minimum wage. For example, in 2024 that rate was $10.65 per hour, as compared to the full minimum wage of $16 per hour.

28. Defendants were not entitled to pay Plaintiffs this lower rate, because they did not give Plaintiffs notice of the tip credit under New York law.

29. In addition, Defendants did not give Plaintiffs proper notice and acknowledgments of pay rate and payday when they were hired. As a result Plaintiffs were unaware that a tip credit was being applied to their wage or what were their appropriate overtime rates. If Plaintiffs had this information, they would have used it to recover their owed money much earlier.

30. Plaintiffs often worked in excess of 40 hours per week.

31. Each of the Plaintiffs at times worked six days per week, two of which were "double shifts," *i.e.* lunch and dinner shifts in the same day.

32. Lunch shifts typically started at 10:30 a.m. When Plaintiffs worked double shifts, they worked straight through from the lunch shift to the dinner shift.

33. Dinner shifts started at 4:00 p.m. and lasted until closing time. The kitchen closed at 9:30/10:00 p.m. on weekdays and 11:30 p.m./12:00 a.m. on weekends.

34. Plaintiffs were required to clock out when the kitchen closed, but then had to continue working for close to an hour to perform cleaning side work.

35. Plaintiffs were not paid at all for this off-the-clock time, which was often overtime.

36. In addition, for the overtime that Defendants did pay, they did not pay the full minimum wage, because, as described above, they inappropriately relied on a tip credit.

37. To hide their illegal wage theft, Defendants gave Plaintiffs weekly wage statements that did not include Plaintiffs' actual hours worked or their rates of pay.

38. Had Plaintiffs been given this information as required by law, they would have used it to point out to Defendants the wage theft they were suffering and put an end to it.

39. Moreover, had Defendants included all of Plaintiffs' work hours on their wage statements, Defendants would likely have actually paid Plaintiffs for all of their hours worked.

Thus, as a result of Defendants not including all of the hours Plaintiffs worked on their wage statements, Plaintiffs were underpaid.

40. Defendants illegally required Plaintiffs to share tips with Christina Baez, manager, and Gennaro, assistant manager, both of whom had authority over hiring and firing employees and scheduling employees. In addition, Ms. Baez made the weekly schedules at Panini Grill.

41. Defendants also regularly retained large portions of Plaintiffs' cash tips and of "service charges" that were left for Plaintiffs at private parties.

42. Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

43. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

44. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

45. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

46. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek and willfully failing to keep records

9

required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

47. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

48. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**)

49. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

50. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

51. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

52. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the Class)**

53. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for every hour worked.

55. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiffs on Behalf of Themselves and the Class)**

56. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

57. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

58. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF

**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
Brought By Plaintiffs on Behalf of Themselves and the Class)**

60. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

61. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiffs and the Class members.

62. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(New York Wage Notice and Statement Requirements,
N.Y. Lab. L. §§ 195, 198
Brought by Plaintiffs on Behalf of Themselves and the Class)**

63. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

64. Defendants did not provide Plaintiffs and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

65. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including penalties pursuant to N.Y. Lab. Law § 198 and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including compensatory damages, liquidated damages, and penalties, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
April 11, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


By: /s/D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.