# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

December 9, 2025

**VIA ECF**

Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Petosa, et al v. Mac Brothers II LLC, et al*, 25-cv-02050 (RER)(JAM)

Dear Judge Reyes:

We represent Named Plaintiff Nicole Lockett-Guida and opt-in Plaintiffs Safedin Deminovic, Michelle Mahon and Angelina Breslin ("Plaintiffs") in the above-referenced matter.[1] We write to respectfully request a pre-motion conference in anticipation of opt-in Plaintiff Breslin's motion to enforce a settlement she reached with Defendants in this matter. Specifically, last week, Defendants made a formal offer to Ms. Breslin which she immediately accepted the following day. However, Defendants have now reneged and refuse to honor their agreement.

By way of brief background, this is a putative wage and hour class action in which Plaintiffs, who are former food-service employees of a restaurant in Staten Island called Panini Grill, allege various wage and hour allegations at the restaurant. Specifically, Plaintiffs allege that the restaurant did not pay them for all hours they worked, forced them to share tips with management employees, illegally applied a tip credit to their hourly rates, and did not provide the notices required under New York State's Wage Theft Prevention Act. *See generally* Complaint at ECF No. 1. Plaintiff Breslin filed a consent to join on April 23, 2025. ECF No. 9.

Fact discovery in this matter is set to close on December 15, 2025. ECF Entry for 11/21/2025. On December 1, 2025, Defendants served deposition notices on the four Plaintiffs for depositions to take place on December 11 and 15, 2025, respectively. Relevant to the instant

---

[1] Plaintiffs respectfully note that named Plaintiffs Petosa and Mastrantoni were dismissed from the case on November 24, 2025. ECF Entry for 11/24/2025. However it appears that the caption in this matter has not yet been updated to remove those individuals' names.

application, Defendants noticed the deposition for Plaintiff Breslin for this Thursday, December 11, 2025 at 3 p.m.

On November 21, 2025, Defendants served four separate letters on Plaintiffs (one for each Plaintiff/opt-in Plaintiff) in which they made four separate offers to the individual Plaintiffs. On November 28, 2025, Plaintiffs served a counteroffer on Defendants. In response, on December 3, 2025, Defendants again served four separate letters (one for each Plaintiff) in which they increased their individual offers to each Plaintiff. (The letter Defendants served on Ms. Breslin is attached hereto as "Exhibit A.") The following day, our office informed counsel for Defendants that Ms. Breslin accepts the offer Defendants made to her. (The email acceptance of the offer is attached hereto as "Exhibit B.") The remaining three Plaintiffs did not accept the offers made to them by Defendants.

Despite the clear offer and acceptance, Defendants refuse to honor Ms. Breslin's settlement. Defendants say they will not honor the agreement because the other three Plaintiffs did not settle their claims. Moreover, earlier today, Defendants abusively threatened Ms. Breslin with contempt sanctions (without any basis in law or reality) if she does not appear for her deposition this Thursday. (A copy of this correspondence is attached hereto as "Exhibit. C."). To be sure, Defendants served four separate offers on each of the Plaintiff. As is plainly evident from the offer letter to Ms. Breslin, Defendants' offer contains an individual monetary offer to Ms. Breslin alone. Defendants nowhere made the offer to Ms. Breslin contingent on the other three Plaintiffs' acceptance of their separate offers. *See* Ex. A at 6. Any position Defendants may take that they are entitled to renege on their offer to Ms. Breslin because they are displeased that the other Plaintiffs did not accept their own offers is patently frivolous.

As this Court has previously held, "[a] settlement agreement is binding and enforceable if there was an offer, acceptance, consideration, mutual assent, and intent to be bound. *Rodriguez v. Cricket Wireless LLC*, No. 20-CV-1596 (LDH) (RER), 2021 U.S. Dist. LEXIS 76394, at *13 (E.D.N.Y. Apr. 19, 2021) (Reyes J.) (citing *Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006).) A formalized long-form settlement agreement is not necessary if the parties reached a complete preliminary agreement. *Id.* A preliminary agreement is complete if "all the issues perceived to require negotiation" are included. *Id.* at 173-74 (citing *N. Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F.Supp.2d 441, 445 (E.D.N.Y. 2006)) ("The parties' intent to record an agreement in the future does not prevent contract formation before execution.").

Here, where there was a clear offer and acceptance, mutual assent, and a clear intent to bound, Defendants' agreement with Ms. Breslin should be enforced. Accordingly, Plaintiffs respectfully request (a) that the Court schedule a conference to discuss this anticipated motion, and (b) Order Defendants to not threaten Ms. Breslin with sanctions or otherwise.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ *Josef Nussbaum*
Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640

cc: All Counsel of Record (via ECF)