# EXHIBIT A

**LOPRESTI PLLC**

LOPRESTI, PLLC
55 Broadway, Ste. 311
New York, New York 10006
+1 212 757 5277
www.lopresti.one

**Anthony A. LoPresti**
alopresti@lopresti.one
D 646.490.0065

**CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY - FRE § 408**

December 3, 2025

**VIA EMAIL**
Joseph & Kirschenbaum LLP
45 Broadway, Suite 302
New York, NY 10004
D. Maimon Kirschenbaum
[maimon@jk-llp.com]
Josef Nussbaum
[jnussbaum@jk-llp.com]

**Re:**  *Petosa, et al. v. Mac Brothers II LLC, d/b/a Panini Grill, et al.*
[EDNY Case No. 25-cv-02050 (RER)(SDE)]
**Counter-offer for Angela Breslin**

Maimon and Josef,

As you are aware, my firm represents Defendants Mac Brothers II LLC, d/b/a Panini Grill ("Mac Brothers"), Peter Macri and Salvatore Macri in this matter. This communication is for settlement purposes only.

Please consider the following communication Defendants' settlement counter-offer to your email dated November 28, 2025, and a follow up to our prior letter offer sent to Ms. Breslin, dated November 21, 2025.

We respond to all of the 4 points in your November 28, 2025 email as follows:

**Your point 1 (Tip Credit):**

> "The hours you used in your offer letters to calculate tip credit damages are off. This is because many of your time records are incomplete. By way of example, for Nicole Lockett-Guida, you estimated her working 135 hours in total, but she was paid almost $15,700 in hourly wages, which simply does not add up. For our calculations, we determined the amount of hours worked at the tip credit by dividing the actual pay by the foodservice wage, which your client admittedly paid. Our method should be accurate to the tee."

**Defendants' Reply to 1:**

We've adjusted our calculations and offer (below) to reflect your asserted figures, although minor. Regardless, the numbers are almost the same. Please note that the reference to Ms. Lockett-Guida of "135 hours" was a typo, which should have said "According to her Attendance

[Offer for Angela Breslin – December 3, 2025] [Page 2 of 6]

Detail Report (4/5/2022-4/23/2025 timesheets report), she worked a total of approximately 135.6 hours at cash wage rate of $10.00 and 1,347.62 hours at a cash wage rate of $10.65 per hour. Her total hour during her employment is 1,483:22 (PG000161–000162)." Regardless of the typo, the calculations were based on her total salary. In addition, the total for Mr. Safedin has been corrected (below).

While our total calculation of tip credits (using ADR) came to **$ 15,231.58**, your number comes to **$ 26,104.88**, a difference of **$ 10,873.30**.

**Your point 2 (Tip Credit / 195[1]):**

> "Besides for Nicole's first wage notice, all of the other notices are problematic. Michelle Mahon and Angelina Breslin never got notice. Nicole Lockett-Guida got one in 12/2023 on hire, but not when the rate changed in 1/2024. Safedin Demirovic's had the wrong tip credit rate. As such, (a) virtually all of the time worked by the 4 Plaintiffs, they did not receive proper tip credit notice and the tip credit is not available to PG, and (b) all of them besides Ms. Lockett-Guida are entitled to $5k for failure to give notice on hire under 195(1)."

**Defendants' Reply to 2:**

We addressed this in our prior communication. Our calculations included consideration of your allegations and included a conservative estimate of possible damages and a settlement offer based on those.

As stated, Mac Brothers provided notices to all four plaintiffs at the start of their employment, as well as regular wages and wage statements for every week employed. Mac Brothers records, communications and witness testimony (**including most recently Mr. Peter Macri**) all demonstrate that at all times the Defendants acted in reasonable, good-faith compliance with the requirements of NYLL § 195(1) and NYLL § 195(3) for all four plaintiffs. No evidence of willful or reckless noncompliance is present. **Mr. Macri testified to this.**

**Safedin Demirovic** executed a Notice and Acknowledgment of Pay Rate and Payday pursuant to NYLL § 195(1). (PG000144). The notice correctly listed the $10.65 cash wage but stated a $5.00 tip credit instead of the correct $5.35 tip credit applicable in 2024, only **$0.35 cents** below the required minimum cash wage plus tip credit. This omission appears to constitute, at most, a technical error made in "good faith and with reasonable grounds" for believing that Panini Grill was in compliance with applicable wage laws. **Mr. Macri testified to this.** See 29 U.S.C. § 260 (Portal-to-Portal Act) (permitting reduction or elimination of liquidated damages where employer demonstrates good faith and reasonable grounds).

[Offer for Angela Breslin – December 3, 2025] [Page 3 of 6]

**Nicole Guida** also executed a Notice and Acknowledgment of Pay Rate and Payday pursuant to NYLL § 195(1). (PG004625). The notice correctly listed the $10.00 cash wage and correctly stated a correct $5.00 tip credit applicable in 2023. Mac Bros provided weekly wage statements to Ms. Guida (*see e.g.,* Guida: PG000094–PG000142). Each wage statement contained the information required under NYLL § 195(3), except for the employees' hourly rate and total hours worked. Defendants contend that this omission resulted from a good-faith administrative oversight rather than any willful, knowing, or reckless failure to comply with the statutory wage-statement requirements. **Mr. Macri testified to this.**

**Michelle Mahon** executed a Notice and Acknowledgment of Pay Rate and Payday pursuant to NYLL § 195(1) in March 2023 when she began work. **Mr. Macri testified to this. Additional witnesses will attest to this.** The notice correctly listed the $10.00 cash wage and correctly stated a $5.00 tip credit applicable in 2023, given the $15.00 minimum wage for that year. Her ADR confirms this. Mac Bros also provided weekly wage statements to Ms. Mahon (*see e.g.,* Mahon: PG000013–PG000084). Each wage statement contained the information required under NYLL § 195(3), except for the employees' hourly rate and total hours worked. Defendants contend that this omission resulted from a good-faith administrative oversight rather than any willful, knowing, or reckless failure to comply with the statutory wage-statement requirements. **Mr. Macri testified to this.** Under these circumstances, the imposition of a wage-notice penalty under NYLL §198(1-d) would not be appropriate.

**Angelina Breslin** executed a Notice and Acknowledgment of Pay Rate and Payday pursuant to NYLL § 195(1) in October 2024 when she began work. **Mr. Macri testified to this. Additional witnesses will attest to this.** The notice correctly listed the $10.65 cash wage and correctly stated a $5.35 tip credit applicable in 2024, given the $16.00 minimum wage for that year. Her ADR confirms this. Mac Bros also provided weekly wage statements to Ms. Breslin (*see e.g.,* Breslin: PG000002–PG000009). Each wage statement contained the information required under NYLL § 195(3), except for the employees' hourly rate and total hours worked. Defendants contend that this omission resulted from a good-faith administrative oversight rather than any willful, knowing, or reckless failure to comply with the statutory wage-statement requirements. **Mr. Macri testified to this.** Under these circumstances, the imposition of a wage-notice penalty under NYLL §198(1-d) would not be appropriate.

<u>**Your point 3 (Wage Statements)**</u>**:**

> "The wage statements don't have the hours worked, which created a lot of confusion already on the table. Plaintiffs are entitled to $5k in WTPA damages for this violation."

<u>**Defendants' Reply to 3**</u>**:**

See above reply to 2.

[Offer for Angela Breslin – December 3, 2025] [Page 4 of 6]

### Your point 4 (Tip Pool / Tip Disgorgement):

> "There was an individual in the tip pool that PG itself called a manager. That is a straightforward claim under NYLL 196-d."

### Defendants' Reply to 4:

This is incorrect. You also haven't identified any such "individual". Mr. Macri testified that none of the managers participated in the tip pool while acting as managers. He also testified (and evidence supports this) that to clock into the POS system an employee has to identify as such. Mr. Macri testified (and evidence supports this) that no manager violated this rule. Managers and witnesses will testify and corroborate this. There are zero grounds to support claims for Plaintiffs' tip disgorgement demand for **$ 26,019.99** (plus interest).

As stated in our prior letter, records demonstrate that Panini Grill properly applied tip pooling because the individuals identified as managers were performing server duties on the dates they received tips and held no supervisory authority at those times. The Attendance Detail Reports (ADR) confirm that each clocked in via the POS as per company policy, as a server on those days and only received tips for those shifts. (*See, e.g.,* Christina Saez, PG4541–PG4552; Genero Macri, PG4555–PG4564; Jade Varallo, PG4569–PG4573.) The managers—Saez, Varallo, and Macri—were, during the relevant periods, **functioning solely as servers without managerial authority**. Under these circumstances, the imposition of a wage-notice penalty under FLSA and NYLL § 196-d would not be appropriate. There simply is no recovery of "tip disgorgement".

### Unpaid Wages Claims:

As stated in our prior letter, and as supported by the recent testimony of Peter Macri, there simply are no damages for unpaid wages. Testimony and evidence shows that all 4 plaintiffs were paid for all of the categories below; they were paid all appropriate wages; their statements show that they were paid at the correct wages. As such, we believe 10% is more than generous.

### Meal Breaks Were Given and Paid For

At all times, Plaintiffs were given required meal breaks. More importantly, **Plaintiffs were paid for that time**. Plaintiffs were also provided a healthy **free meal - no meal deductions were made**. This is actually rare in the restaurant industry and a credit to the Defendants, who could have legally deducted meal time and taken a meal credit for the food provided. They chose not to, adding significant value to their employees. Accordingly, Plaintiffs suffered zero damages on any meal credit related claims.

[Offer for Angela Breslin – December 3, 2025] [Page 5 of 6]

### Overtime and Spread-of-Hours

**Mr. Peter Macri's recent testimony** has further corroborated the fact that no evidence substantiates any claims for overtime pay or spread of hours damages under the FLSA or NYLL.

In fact, Mr. Macri testified that Mr. Demirovic took cash "under the table" for overtime to avoid child support payments.

As stated prior, asserted claims are contradicted by time records, POS data, and witness accounts. Moreover, in each instance examined, employees' total pay exceeded the minimum wage. Further, at all times the defendants acted in good faith and had reasonable grounds for believing there was adequate compliance with overtime and spread of hours policies. Accordingly, Plaintiffs suffered zero damages for any overtime or spread-of-hours related claims.

### Other Factors:

### Defendant Salvatore Macri Is Not An Employer and Has No Liability Here

**Mr. Salvatore Macri's recent examination**, plus our investigation, evidence and witness accounts all confirm that at no time did Salvatore Macri act as, or meet the statutory definition of "employer" under with the FLSA or NYLL. *See Signaling Ocampo v. 455 Hospitality LLC*, No. 14-CV-9614, 2021 WL 4267388 (S.D.N.Y. Sept. 20, 2021); *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013); *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984); *Ocampo v. 455 Hospitality LLC*, No. 14-CV-9614, 2021 WL 4267388 (S.D.N.Y. Sept. 20, 2021). Case law is clear that ownership is not, in and of itself dispositive. As he testified, and as per evidence, Salvatore Macri exercised zero functional control over the restaurant, nor did he affect the terms and conditions of any of the plaintiffs' employment. Despite being named, he bears no liability and must be dismissed from this action.

Based on the above, the following is being offered as settlement of this matter:

[INTENTIONALLY LEFT BLANK]

[Offer for Angela Breslin – December 3, 2025] [Page 6 of 6]

**Counter-Offer for Angela Breslin**

Alleged Tip Credit Damages: (your calculation): $ 793.35
Liquidated: $ 793.35 [see above]

Tip Disgorgement: $0.00
Liquidated: $0.00 [see above]

Unpaid Wages: ($1,579.24 x 10%) = $ 157.92
Liquidated: $0.00 [see above]

NYLL 195(1): (50%) = $2,500.00
NYLL 195(3): (50%) = $2,500.00

Total: $6,744.62

Based on the above, without admitting any wrongdoing, and in the interests of settling this matter, Defendants offer Ms. Breslin the following amount, to be paid in full within five (5) days of execution of a settlement agreement: **$ 8,000.00**, plus Attorneys' Fees: (1/3) = **$2,640.00**.

**Please note: if this matter does not settle and Defendants must proceed with depositions, the costs and attorneys' fees incurred as a result will be deducted from any future offers.**

This offer is conditioned on the following standard terms: (i) dismissal and full release of all claims under federal, state, and local law; (ii) no admission of liability by Defendants; (iii) confidentiality and non-disparagement, to the fullest extent permitted by law; (iv) non-assistance / no-collaboration clause; (v) general settlement agreement subject to court approval.

This offer is made solely for the purpose of settlement and does not constitute an admission of liability, wrongdoing, or violation of the FLSA, NYLL, or any other law. This communication is for settlement purposes only and our clients reserve all rights.

        Regards,

        LOPRESTI, PLLC

        By: /s/Anthony A. LoPresti
           Anthony A. LoPresti
           [alopresti@lopresti.one]
           Shaun Gregory White
           [swhite@lopresti.one]

cc:
Lucas Buzzard, Esq.